UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-1418** |
| **INTEGRATED PRO SERVICES, LLC ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff for reconsideration of this Court's June 9, 2015 order and reasons, which defendants oppose.[2] In that order, the Court denied plaintiff's motions for summary judgment, and the Court stayed and administratively closed the above-captioned matter.[3] The Court further ordered that "[a]ny party may file a written motion to re-open the above-captioned matter within 30 days following resolution of the [related] state court litigation."[4] Plaintiff requests that the Court amend such order to provide that "the stay should run until the completion of work [on the project], rather than resolution of [defendants'] state court suit against non-parties."[5]

The Court assumes familiarity with the factual background of the case. *See Liberty Mut. Ins. Co. v. Integrated Pro Servs., LLC*, No. 14-1418, 2015 WL 3620147 (E.D. La. June 9, 2015).[6]

---

[1] R. Doc. No. 82.
[2] R. Doc. Nos. 83, 84.
[3] R. Doc. No. 79.
[4] R. Doc. No. 79, at 12.
[5] R. Doc. No. 82, at 1.
[6] R. Doc. No. 79, at 1-3.

Plaintiff has brought its motion for reconsideration pursuant to Rules 54(b), 59(e), and/or 60(b) of the Federal Rules of Civil Procedure.[7] Rule 54(b) provides, in pertinent part, that any interlocutory order that does not fully resolve all claims, such as this Court's June 9, 2015 order and reasons, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, C.J.); *accord Bernard v. Grefer*, No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.).[8]

A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

> A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the

---

[7] R. Doc. No. 82-1, at 5. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Motions for reconsideration filed outside that 28-day period are considered pursuant to Rule 60(b). *See, e.g.*, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004). Neither time period is relevant here because, as explained in this order, plaintiff's motion is properly construed pursuant to Rule 54(b).

[8] "Although there may be circumstances in which a different standard would be appropriate," *Castrillo*, 2010 WL 1424398, at *4 (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-16 (4th Cir. 2003)), the parties have not argued that any other standard should apply, and the Court finds that there are no circumstances in this matter that warrant a deviation from this general practice.

2

movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law.

*Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Rule 59 does not provide litigants with a second chance to raise issues that previously could have been addressed. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.") (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008) (Feldman, J.) ("Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.").

On May 15, 2015, plaintiff filed an unopposed motion to bifurcate the trial and administratively stay the issue of damages until completion of the underlying project.[9] Plaintiff's motion stated, "The Parties jointly submit that the interests of judicial economy and efficiency would best be served by staying at least the damages portion of this matter pending the completion of the work under [plaintiff]'s takeover contract with [t]he Plaquemines Parish Government . . . ."[10]

---

[9] R. Doc. No. 74.
[10] R. Doc. No. 74, at 2-3.

On May 18, 2015, the Court held a telephone status conference with counsel participating on behalf of all parties.[11] The Court and counsel discussed the motion to bifurcate the trial, which the Court denied.[12] However, as stated in this Court's minute entry memorializing the status conference, "[t]he Court advised counsel, *without objection*, that the Court will decide the currently pending motions for summary judgment and then, to the extent that any genuine issues of material fact remain to be determined at trial, stay and administratively close the above-captioned matter *pending the resolution of related state court litigation*."[13]

On June 9, 2015, twenty-two days after that status conference, the Court denied plaintiff's motions for summary judgment, and it stayed and administratively closed the above-captioned matter, in accordance with its previous minute entry.[14] On July 2, 2015, twenty-three days after the Court denied summary judgment and forty-five days after the May 18, 2015 conference, plaintiff filed its motion for reconsideration.[15] At no time after the issuance of the May 18, 2015 minute entry did plaintiff advise the Court that its position had changed or that its counsel had overstated the length of a stay that it would agree to—simply put, plaintiff's motion for reconsideration is the first that the Court has heard of it.

Plaintiff contends that reconsideration is warranted because the Court's order staying this case is based on a manifest error of fact[16] and because plaintiff will be prejudiced if the order is not amended.[17] Both contentions are meritless. Plaintiff is obviously correct that its prior position, as stated in the motion for a bifurcated trial, was that a stay of the damages issue should

---

[11] *See* R. Doc. No. 76.
[12] R. Doc. No. 76, at 1.
[13] R. Doc. No. 76, at 1 (emphasis added) (footnote omitted).
[14] R. Doc. No. 79.
[15] R. Doc. No. 82.
[16] R. Doc. No. 82-1, at 13-14.
[17] R. Doc. No. 82-1, at 12-13; *see also* R. Doc. No. 88.

last until the end of the project. However, such motion was *denied*, and plaintiff's counsel *did not object* to a stay of this matter until the resolution of the state litigation, during which "[d]isputed issues of fact related to the surety bonds will be examined and, hopefully, resolved."[18] Plaintiff waited forty-five days before it argued a contrary position, and plaintiff's briefing *does not even acknowledge* the language in the May 18, 2015 minute entry.

Plaintiff is clearly mistaken when it says that this Court's order was based on a manifest error of fact, and plaintiff has not demonstrated that it will suffer a manifest injustice from the enforcement of an order to which its counsel did not object. Accordingly,

**IT IS ORDERED** that the motion for consideration is **DENIED**.

New Orleans, Louisiana, August 6, 2015.

                                          **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 79, at 8-9.