**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE CO.** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-1418** |
| **INTEGRATED PRO SERVICES, LLC ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is plaintiff Liberty Mutual Insurance Company's ("Liberty Mutual") motion[1] to lift the stay in the above-captioned matter. Defendants Integrated Pro Services, LLC ("IPS") and Gary and Karla Hess ("Mr. and Mrs. Hess") (together, "defendants") oppose the motion.[2] For the following reasons, the motion is denied.

### I.

IPS is a construction contractor that obtained performance surety bonds from Liberty Mutual so that IPS could submit bids for construction projects.[3] IPS entered into a General Agreement of Indemnity (the "indemnity agreement") with Liberty Mutual, agreeing to reimburse Liberty Mutual for any payments, losses, or expenses it incurred in connection with such bonds.[4] Mr. and Mrs. Hess held an interest in IPS, and they signed the indemnity agreement as co-indemnitors.[5] Shortly after

---

[1] R. Doc. No. 144.
[2] R. Doc. Nos. 146, 147.
[3] R. Doc. No. 79, at 1.
[4] *Id.*
[5] *Id.* at 2.

signing the indemnity agreement, however, Mr. and Mrs. Hess sold their entire interest in IPS.[6]

IPS entered into a contract with Plaquemines Parish to construct a levee, and Liberty Mutual issued payment and performance surety bonds in connection with the project.[7] Plaquemines Parish later placed IPS in default under the contract, and IPS was terminated from the project.[8] IPS contends that it was not in default and that Plaquemines Parish wrongfully terminated the contract.[9] That dispute is being litigated in state court.[10]

Thereafter, Liberty Mutual entered into a takeover agreement with Plaquemines Parish, agreeing to complete the construction project.[11] Liberty Mutual filed the above-captioned lawsuit, asserting that it is entitled to indemnity from defendants in connection with payment and performance of the surety bonds and arranging work for completion of the project.[12]

On April 14, 2015, Liberty Mutual filed motions for summary judgment against defendants, requesting that the Court enter judgment in the amount of $1,554,836.07, as well as an additional $1.5 million in collateral security.[13] IPS opposed the motion, arguing that Liberty Mutual did not demonstrate that it was

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 2–3.
[13] R. Doc. Nos. 50, 51.

2

entitled to indemnity for amounts that, IPS contended, Liberty Mutual was not required to pay.[14] IPS asserted that it should not have been placed in default, that the contract with Plaquemines Parish was wrongfully terminated, that Liberty Mutual did not act in good faith when it entered into the takeover agreement, and, therefore, that Liberty Mutual was not required to pay anything on the claims against the surety bonds.[15] Liberty Mutual argued that issues related to the surety bonds were irrelevant to the indemnity issue,[16] but the Court disagreed.

The Court ultimately found that genuine issues of material fact existed and that those issues would likely be examined and resolved in the state court matter.[17] The Court also found that genuine issues of material fact existed as to the extent of Liberty Mutual's losses.[18] Accordingly, the Court denied Liberty Mutual's motion for summary judgment against IPS.[19]

The Court also denied summary judgment as to Liberty Mutual's claims against Mr. and Mrs. Hess, finding that genuine issues of material fact existed as to whether Liberty Mutual released Mr. and Mrs. Hess from their indemnity obligation.[20] The Court stayed the above-captioned matter to allow the state court litigation to proceed.[21]

---

[14] R. Doc. No. 79, at 7.
[15] *Id.*, at 7–8.
[16] *Id.* at 8.
[17] *Id.* at 8–9.
[18] *Id.* at 9–10.
[19] *Id.*
[20] *Id.* at 11–12.
[21] *Id.* at 12.

3

On February 8, 2018, Liberty Mutual filed its first motion to lift the stay or, alternatively, to request a status conference.[22] Liberty Mutual argued that the purposes of implementing the stay—"furthering judicial efficiency and the interests of justice"—were not being served by the stay because IPS was not furthering the state court litigation.[23] The Court held a status conference on May 7, 2018 and ordered that IPS set a trial date in the state court litigation by June 7, 2018 or the Court would lift the stay.[24] IPS subsequently set trial in the state court litigation for February 11, 2019, and the Court denied Liberty Mutual's motion to lift the stay.[25]

In the motion to lift the stay currently before the Court, Liberty Mutual argues again that the purposes of the stay—judicial efficiency and the interests of justice— are not being served because the state court litigation has been delayed.[26] The state court trial date has since been continued to March 16, 2020.[27] Liberty Mutual contends that while the delay was due to state court defendant Utility Contractors, Inc.'s ("UCI"), reconventional demand, it was nonetheless IPS's fault for allowing UCI an extended period of time to file its answer—seven months after the Court ordered IPS to set a trial date.[28]

---

[22] R. Doc. 136.
[23] *Id.* at 1.
[24] R. Doc. No. 141.
[25] R. Doc. No. 143.
[26] R. Doc. No. 144.
[27] *Id.* at 1.
[28] R. Doc. 146, at 2–3.

Liberty Mutual argues that the continuance is a tactic employed by IPS to prevent Liberty Mutual from recovering the indemnity that it is allegedly owed.[29] However, defendants oppose the motion and argue that the continuance in the state court litigation was necessary to allow the parties to conduct discovery as to UCI's $1.4 million reconventional demand and that the March 2020 trial date accounted for the parties' and the court's calendars.[30] Defendants maintain that a resolution of the state court matter will resolve many of the issues before this Court and that Liberty Mutual will not suffer prejudice as a result of continuing the stay.[31]

"It is undisputed that a district court has inherent power to regulate the flow of cases and 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Billiot v. Beavers*, No. 12-2946, 2015 WL 4397108, at *1 (E.D. La. July 13, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "This authority includes the district court's wide discretion to grant a stay in a pending matter." *Id.* (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)). "In considering whether to grant a stay, the Court weighs several 'competing interests which will be affected by the granting or refusal to grant a stay.'" *Sream, Inc. v. Superior Discount, LLC*, 17-8177, 2019 WL 1003053, at *7 (E.D. La. Mar. 1, 2019) (Morgan J.) (quoting *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 482 (N.D. Tex. 2016) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962))).

---

[29] *Id.* at 1, 5.
[30] R. Doc. No. 146, at 4–6; R. Doc. No. 147.
[31] R. Doc. No. 146, at 5–6.

> "These competing interests include the following: (1) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which would be expected to result from a stay'; (2) 'the possible damage which may result from the granting of stay'; and (3) 'the hardship or inequity which a party may suffer in being required to go forward.'"

*Id.* A district court's action on a request for a stay is reviewed for abuse of discretion. *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir. 1997).

Even if the state court litigation is not dispositive of the above-captioned matter, as Liberty Mutual contends,[32] the state court litigation will nonetheless resolve many of the issues before the Court, namely the issues of fact that precluded summary judgment. Liberty Mutual asserts that it has suffered a loss and that it is owed indemnity from defendants, but it has not demonstrated that it continues to incur additional losses as a result of the stay.[33] Lifting the stay will cause equal hardship to IPS and Mr. and Mrs. Hess, requiring IPS to proceed in both courts simultaneously and requiring Mr. and Mrs. Hess to proceed in litigation, which is potentially unnecessary, depending on the outcome of the state court lawsuit.[34]

After considering and balancing the competing interests, including the temporary postponement of the state court trial date, the Court will exercise its broad discretion and maintain the stay in the above-captioned matter. For the forgoing reasons,

---

[32] R. Doc. No. 152, at 2.
[33] *Id.* at 3. Liberty Mutual argues that it is suffering a "financial burden," but it is clear that the only such non-specific "burden" it is suffering is its present inability to pursue indemnification within its own time frame.
[34] R. Doc. No. 146, at 7.

6

**IT IS ORDERED** that the motion to lift the stay in the above-captioned matter is **DENIED**. Any party may move to reopen the matter within thirty (30) days of a final judgment in the related state court litigation or if additional unforeseen state court trial delay occurs.

New Orleans, Louisiana, April 23, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**